IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Roberto Enrique Cruz, | ) | Case No. 1:20-cv-02625-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On November 5, 2020, Respondent filed a motion to dismiss. ECF No. 21. Petitioner filed a response in opposition. ECF No. 27. On February 1, 2021, the Magistrate Judge issued a Report recommending that the motion be granted and the petition be denied without prejudice. ECF No. 28. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 30.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The

1

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner indicates that he is challenging his sentence and conviction in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 1. The Magistrate Judge recommends dismissal because Petitioner never filed a motion pursuant to 28 U.S.C. § 2255; accordingly, he cannot satisfy the § 2255 savings clause. Petitioner objects and argues that he is not required to first file a § 2255. Upon de novo review of the record and the applicable law, the undersigned finds that this Court lacks jurisdiction over Petitioner's claims.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Because Petitioner indicates that he is contesting both his conviction and his sentence, out of an abundance of caution, both the *Jones* test and *Wheeler* test will be addressed. Petitioner cannot meet either for the same reason; he has never filed a § 2255.

Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

>   which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

In the Fourth Circuit, a petitioner may also challenge his sentence if he can meet the § 2255 savings clause. In *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that,

>   § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Here, Petitioner cannot satisfy the second prong of *Wheeler* or *Jones* showing that settled substantive law changed after he filed his direct appeal and after his first 2255 motion because he has never filed a 2255. *See* ECF No. 1. To the extent Petitioner argues that his § 2255 remedy is inadequate or ineffective because his time to file a § 2255 motion has expired, this argument fails. The Fourth Circuit has consistently held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *In*

re Vial, 115 F.3d at 1194 n.5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective").  Thus, Petitioner cannot meet the Wheeler test or the Jones test to show that § 2255 is inadequate or ineffective to test the legality of his sentence.  See Gomez-Vazquez v. Dobbs, C/A No. 5:20-cv-00169-HMH-KDW, 2020 WL 958456, at *2 (D.S.C. Feb. 5, 2020), adopted by, 2020 WL 951081 (D.S.C. Feb. 27, 2020).  Therefore, this action is subject to dismissal for lack of jurisdiction.  See Rice, 617 F.3d at 807 (holding that if a petitioner cannot meet the savings clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction"); Wheeler, 886 F.3d at 423 (holding that "the savings clause is a jurisdictional provision").

Accordingly, upon de novo review of the record and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  The Motion to Dismiss [21] is **GRANTED** and the Petition is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 26, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.